MISSISSIPPI PUBLIC SERVICE COMMISSION *v.*
SOUTHERN RAILWAY CO.

No. 42133 February 26, 1962 138 So. 2d 277

198

*Smith & Smith,* Corinth, for appellants.

*Fred B. Smith*, Ripley, for appellee.

KYLE, J.

The appellee, Southern Railway Company, on or about February 23, 1960, filed a petition with the Mississippi Public Service Commission asking for authority to discontinue its agency station at Burnsville, Mississippi, and to establish in lieu thereof a non-agency station at that point. Attached to its petition were a number of exhibits setting forth general information concerning the agency, the proposed method of handling

carload and less than carload freight after the discontinuance of the agency, and a diagram showing the highway and rail distances between Burnsville and the agency stations on either side. There were also attached to the petition exhibits showing the number of carload freight shipments and transportation revenues derived from freight traffic handled to and from the Burnsville station during the last two years, the number of less than carload freight shipments and transportation revenues derived from less than carload freight traffic handled to and from Burnsville for each of the years 1958 and 1959, and also the total passenger revenues derived from the passenger traffic to and from Burnsville during the years 1958 and 1959, and also the actual station expenses during each of those years. The petitioner alleged in its petition that the expense of conducting its station through the agency at Burnsville exceeded the revenue derived there from by a considerable sum, and that the economic waste resulting from the operation of an open agency station at Burnsville should not be continued. The petitioner further alleged that the public convenience and necessity no longer required the maintenance of an open agency station at Burnsville. The petitioner therefore asked that an order be entered by the Public Service Commission authorizing the discontinuance by the petitioner of its agency station at Burnsville and the establishment, in lieu thereof, of a non-agency station. Protests against the discontinuance of the existing agency station were filed by the Town of Burnsville, the citizens thereof, and by members of the Board of Supervisors of Tishomingo County.

A hearing was had before the Public Service Commission on May 24, 1960, and on June 28, 1960, on which days the Commission heard evidence offered on behalf of the applicant and on behalf of the protestants. The Commission took the case under advisement, and on

June 29, 1960, rendered its decision. The Commission found from the evidence that the public convenience and necessity did not require or justify the discontinuance of the agency at Burnsville, but on the contrary that the public convenience and necessity required that said agency be maintained. The Commission found that the evidence indicated that the agency station at Burnsville was not making a profit; but the Commission was of the opinion that the public convenience and necessity should be weighed against any possible financial loss which the railroad was suffering and when so weighed the public convenience and necessity required the continuance of the agency station at Burnsville. An order was therefore entered by the Commission denying the application of the Southern Railway Company to discontinue its agency station at Burnsville and to establish in lieu thereof a nonagency station.

From the order of the Commission denying the relief prayed for in its petition the Southern Railway Company prosecuted an appeal to the Circuit Court of the First Judicial District of Hinds County, and on June 8, 1961, the circuit court entered a judgment reversing and setting aside the order of the Commission, and adjudging that the petitioner be authorized and empowered to discontinue its agency station at Burnsville and to substitute in lieu thereof a prepay nonagency station to be operated and maintained as a prepay station. The circuit court, in its opinion which has been made a part of the record on this appeal, found that the proof in the case showed unquestionably that the agency station was being operated at a loss; that the Town of Burnsville was not an isolated community, but on the contrary was well located with reference to proximity to other towns by paved and blacktop roads, and that it was apparent that the finding of the Commission was not in conformity to the facts as presented by the evidence, and that the finding of the Commission should

be reversed and a finding for the railroad company should be entered.

From the judgment rendered by the circuit court, the Mississippi Public Service Commission and the Town of Burnsville have prosecuted this appeal.

The appellants have assigned and argued three points as grounds for reversal of the judgment of the lower court: (1) That the court erred in failing to find substantial evidence to support the decision of the Mississippi Public Service Commission that the public convenience and necessity required that the agency should be maintained; (2) that the court erred in finding that the station was being operated at a loss; and (3) that the court erred in reversing the order of the Public Service Commission.

██ ██ We have made a careful study of the testimony offered on behalf of the respective parties, and we think there was no error in the action of the circuit court in reversing the finding and order of the Public Service Commission.

According to the testimony of A. B. Gleason, statistician in the accounting department of the Railway Company, the record shows that the total gross revenue derived from the Burnsville Station during the year 1958 was $1738, and that the total expense incurred in operating the station, including the agent's salary, payroll taxes, vacation allowance, and insurance, amounted to $5,338. The excess of total expenditures incurred in the operation of the station over revenues received for the year 1958 was $3,604. For the year 1959 the excess of expenditures over revenues received amounted to $3,681. It thus appears that, without deducting any line haul expenses, the station during each of the two years immediately preceding the filing of the petition for authority to discontinue the agency showed an operating loss in excess of $3600. According to the testimony of Train Master C. E. Hendry, the agent at

Burnsville was paid a salary of $4,823. The other expenses incurred in the operation of the station included payroll taxes, vacation allowance and insurance. The Commission itself seems to have recognized the fact that the station was being operated at a financial loss. The Commission was of the opinion, however, that the public convenience and necessity required that the agency station be maintained, notwithstanding the financial loss incident thereto.

We think the learned circuit judge was amply justified in his finding that there was no substantial basis in the evidence to support the finding of the Commission that the public convenience and necessity required that the agency station be maintained, notwithstanding the financial loss incident thereto. The case, in our opinion, is controlled by the principles announced in Citizens of Stringer v. Gulf, Mobile & Ohio Railroad Company, 229 Miss. 1, 90 So. 2d 25; Mississippi Public Service Commission v. Illinois Central Railroad Company, 235 Miss. 46, 108 So. 2d 573; Village of Myrtle, Union County, Miss. v. St. Louis-San Francisco Railway Co., 239 Miss. 110, 121 So. 2d 717.

The judgment of the lower court is therefore affirmed.

Affirmed.

*McGehee, C.J.,* and *Ethridge, Gillespie* and *Jones, JJ.,* concur.